William H. Sherlock, OSB #903816
Hutchinson Cox Coons DuPriest Orr & Sherlock P.C.
777 High Street, Suite 200
PO Box 10886
Eugene, OR  97440
Telephone: (541) 686-9160
Telefax: (541) 343-8693
 lsherlock@eugene-law.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

| Joe and Teri Goschie, | ) | |
|---|---|---|
| Plaintiffs | ) ) ) | Case No. _____ |
| | ) | COMPLAINT |
| v. | ) ) | VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES |
| JP Morgan Chase Bank Association, Chase Home Finance, a limited liability corporation, and Kelly D. Sutherland, Successor Trustee | ) ) ) ) | ACT (RESPA), 12 U.S.C. §2605-07 BREACH OF CONTRACT |
| | ) | JURY TRIAL REQUESTED |
| Defendants. | ) ) ) | |
| _____ | ) | |

Plaintiffs Joe and Teri Goschie allege as follows:

### JURISDICTIONAL ALLEGATION

1. This action arises, in part, under the Real Estate Settlement Procedures Act, (RESPA) 12 U.S.C § 2605-07.  Federal Court jurisdiction therefore results from the existence of a federal question under 28 U.S.C. §1331. The District of Oregon is the proper venue for this case pursuant to 28 U.S.C. §1391(b)(2).

/ /

/

1 - COMPLAINT

## PARTIES

2. Plaintiffs Joe and Teri Goschie are husband and wife and residents of Lane County, Oregon. The Goschies own the real property that is the subject of this action, commonly identified as 2127 Kingfisher Way, Eugene, Or, 97401.

3. Chase Home Finance, LLC engages in originating and servicing residential mortgage loans. The company is headquartered in Edison, New Jersey. Chase Home Finance LLC operates as a subsidiary of Chase Home Finance, Inc.

4. JP Morgan Chase Bank Association is a corporation headquartered in New York City, New York and is the successor in interest to the beneficial interest originally held by the originating mortgage lender Washington Mutual Bank.

5. Kelly D. Sutherland is Successor Trustee and a member of Shapiro & Sutherland, LLC, with its principle place of business in Vancouver, Washington.

## FIRST CLAIM FOR RELIEF

## (VIOLATION OF RESPA)

6. On May 18, 2008 Plaintiffs Joe and Teri Goschie ("the Goschies"), as borrowers, entered into a mortgage loan agreement and related Deed of Trust with Washington Mutual Bank, as lender, in order to purchase a residential home, located at 2127 Kingfisher Dr., Eugene, Oregon 97401.

7. On or around January 2010, the Goschies began remitting their monthly mortgage loan payments to Defendant Chase Home Finance, LLC ("Chase"), as a result of JP Morgan Chase Bank Association purchasing Washington Mutual Bank and taking over interest in the mortgage loan agreement.

8. Between May 2008 and May 2010, the Goschies made $40,352.34 in payments to Chase Home Finance towards the mortgage loan.

2 - COMPLAINT

9.    On June 15, 2010 the Goschies sent a qualified written request to Chase, requesting an accounting of payments received and applied in the previous two years, and a statement detailing how the payments were applied to the principle, interest, escrow, and any other application.

10. On July 15, 2010, the Goschies sent a second qualified request to Chase, pointing out Chase's failure to comply with the 20-day requirement contained in 12 U.S.C. §2605(e), and once again requested an accounting of payments and the application of payments received.

11.    On July 27, 2010, forty-two days after the Goschies sent their first qualified written request, Chase sent acknowledgement of receipt of the request and informed the Goschies that further action on the request required the Goschies send payment for copies of documents and a signed borrower's authorization.

12.    On August 12, 2010, the Goschies sent Chase payment via certified mail for copies of all requested documents, and a signed borrower's authorization.

13.    Despite the Goschies' timely requests and compliance with statutory requirements Chase failed to provide the Goschies or their attorneys with the requested information or take the appropriate action required by 12 U.S.C. 2605(e)(1), and (2).

14.    Instead, on August 24, 2010, Defendant Sutherland sent the Goschies notice that he intended to foreclose on and sell the Goschies' home on December 29, 2010. The notice stated that as of August 24, 2010 the amount in arrears owed on the loan was $67,315.40. Under the terms of the loan the cumulative amount of payments that were to be paid by August 24, 2010 was $88,507.72. As of August 24, 2010, the Goschies had paid Chase $40,352.34, leaving an actual balance owed on the loan of $48,155.38, not $67, 315.40, as erroneously asserted in the Trustee's Notice of Foreclosure.

3 - COMPLAINT

15. As of August 24, 2010 Chase had collected at least $19,160.02 in payments from the Goschies that it failed to apply towards the mortgage loan. A Chase representative told Teri Goschie that said monies had been applied to "fees" but failed to specify any such fees or their justification. Accordingly, Chase misappropriated said monies as unearned and unidentified fees that it has failed to account for in violation of 12 U.S.C. 2607.

16. Pursuant to 12 U.S.C. 2607(d)(2) the Goschies are entitled to recover three times the amount Chase charged them for unearned fees, in the amount of $57,481.56.

17. Pursuant to 12 U.S.C. §2605(f)(1)(A) and (B), the Goschies are entitled to recover their actual damages caused by Defendants' failure to respond to their repeated accounting inquires as well as $1,000 in statutory damages.

18. In accordance with 12 U.S.C. §2605(f)(3) and 12 U.S.C. 2607(d)(6), the Goschies are entitled recover their court costs and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

### (BREACH OF CONTRACT)

19. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. Chase failed to apply the payments received from the Goschies in the order of priority prescribed by Uniform Covenant Section 2 of the Deed of Trust. Said Deed of Trust requires the application of payments or proceeds accepted by Chase to be applied in the following order: a) interest due under the note, b) principal due under the Note, c) escrow amounts due under Section 3 of the Deed of Trust. Instead, Chase paid itself or its agents unearned and unidentified fees in excess of $19,160.02.

21. As a result, the Goschies have suffered damages of $19,160.02.

## THIRD CLAIM FOR RELIEF

### (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

22.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23.     Every contract in imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.  This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement.  The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose.  This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

24.     Defendants did not act in good faith and did not deal fairly with Plaintiffs in connection with the note, trust deed, and loan modification when they refused to properly apply loan payments made by the Goschies and thereafter refused to account for or resolve the mistake with Plaintiffs in an equitable fashion.

25.     Defendants enjoyed substantial discretionary power affecting the rights of Plaintiffs during the events alleged in this Complaint. They were required to exercise such powers in good faith.

26.     Defendants engaged in such conduct to drive Plaintiffs into foreclosure so that they could acquire or unfairly profit from the Subject Property.  These actions were a bad faith breach of the contract between Plaintiffs and Defendants.

27.     As a result of Defendants breach of this covenant, Plaintiffs have suffered general and special damages in an amount to be determined at trial.

5 - COMPLAINT

## FOURTH CLAIM FOR RELIEF

## (UNJUST ENRICHMENT)

28. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. By their wrongful acts and omissions, Defendants have been unjustly enriched at the expense of Plaintiffs, and thus Plaintiffs have been unjustly deprived.

30. By reason of the foregoing, Plaintiffs seek restitution from Defendants, and an order from this Court disgorging all profits, benefits, and other compensation obtained by Defendants from their wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for judgment as follows:

A. For a declaration of the rights and duties of the parties, specifically that foreclosure of Plaintiffs' residence is wrongful.

B. For an order requiring Defendants to give an accounting of payments detailing the application of the Goschies' payments towards the balance of interest, principle, escrow, and other fees for which the payments were applied between May 2008, and May 2010.

C. For an order enjoining, vacating, and setting aside the Trustee's foreclosure sale.

D. For damages in the amount of $57,481.56, pursuant to 12 U.S.C. 2607(d)(2).

E. For damages in the amount of $1,000 pursuant to 12 U.S.C. §2605(f)(1)(B),

F. For an order requiring Defendants to pay the Goschies' court costs and attorneys fees in accordance with to 12 U.S.C. §2605(f)(3) and 12 U.S.C. 2607(d)(6).

G.    For other such relief as the Court deems proper.

DATED: December 22, 2010

>    HUTCHINSON, COX, COONS,
>    DuPRIEST, ORR & SHERLOCK, P.C.
>
>
>    By:    /s/ William H. Sherlock
>        William H. Sherlock, OSB #903816
>        Of Attorneys for Plaintiffs
>        *lsherlock@eugene-law.com*