UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOE AND TERI GOSCHIE,                         Case No. 6:10-cv-06424-AA

      Plaintiffs,                           OPINION AND ORDER

   v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

AIKEN, Chief Judge:

    Plaintiffs filed this action alleging violations of the Real Estate Settlement Procedures Act (RESPA), breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Plaintiffs' claims arise from their efforts to obtain a mortgage loan modification and defendant's subsequent actions in seeking foreclosure. Plaintiffs seek declaratory and injunctive relief, damages and attorney fees. Defendant now moves to strike or dismiss plaintiffs' second amended complaint.

1   - OPINION AND ORDER

DISCUSSION

On February 17, 2012, plaintiffs filed an amended complaint and alleged the above-mentioned RESPA and contract claims. On January 15, 2013, the parties engaged in settlement efforts before Magistrate Judge Coffin. In an administrative minute order, Magistrate Judge Coffin indicated that the case did not settle and that an "Amended Complaint is due 2/14/2013." Doc. 52. On February 14, 2013, plaintiffs filed a Second Amended Complaint without consent from defendant or leave of court to do so. Defendant's motion followed.

Defendant moves to dismiss or strike plaintiffs' Second Amended Complaint on grounds that plaintiffs did not seek leave to amend their complaint. See Fed. R. Civ. P. 15(a)(2) (amendments after the initial pleading stage require "the opposing party's written consent or the court's leave"). Defendant further argues that allowing plaintiffs' proposed amendments would be prejudicial, given that the parties have completed discovery and filed a pretrial order, and plaintiffs previously amended their complaint. Plaintiffs respond that they were granted leave to file an amended complaint through Magistrate Coffin's minute order.

I find it questionable that Magistrate Judge Coffin intended to issue a ruling on the merits of plaintiffs' proposed amendments in the context of a settlement conference and without the agreement of defendant; rather, it is more likely that Magistrate Judge

Coffin intended that plaintiffs should file a *motion* to amend by February 14. Given the circumstances, plaintiffs would have been well advised to clarify Magistrate Judge Coffin's minute order before filing an amended complaint without leave from the presiding judge in this case. Regardless, even if the minute order can be construed as "leave of court," this court may review a magistrate judge's non-dispositive ruling. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). I therefore consider the propriety of plaintiffs' proposed amendments.

Plaintiffs seek to add claims alleging fraud and violations of the Oregon Unfair Trade Practices Act (UTPA). When considering proposed amendments, the court must consider factors of bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether previous amendments have been allowed. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). While delay generally does not warrant denial of the motion, "[f]utility alone can justify the denial of a motion for leave to amend." Id. (citing Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)).

I agree with defendant that the factors of undue delay and plaintiffs' previous amendments weigh against allowing plaintiffs' Second Amended Complaint. However, I cannot find that the amendments are futile or unduly prejudicial at this time. Although defendant contends that plaintiffs' amendments ultimately will prove futile, it presents no substantive arguments to support this

3    - OPINION AND ORDER

assertion and instead maintains that additional motions will be necessary. Defendant also asserts prejudice resulting from the scope of plaintiff's proposed amendments and the expiration of the discovery and dispositive motion deadlines. However, I find that plaintiffs' proposed claims allege conduct similar to that alleged in plaintiffs' pending complaint.

For example, plaintiffs currently allege that defendant mishandled loan modification documents, gave contradictory and erroneous information, and reinitiated the modification process in bad faith, and that defendant did so in order to "drive Plaintiffs into foreclosure so that [defendant] could acquire or unfairly profit from" their property. Am. Compl. at 9. In their proposed claims, plaintiffs essentially allege that defendant intentionally provided false and erroneous information during the loan modification process and seek increased economic damages as well as non-economic and punitive damages as a result of such conduct. Thus, plaintiffs allege fraudulent conduct by defendant in both their pending and proposed claims, and I will allow extension of the discovery and dispositive motion deadlines with respect to alleviate any prejudice to defendant.

In sum, absent evidence of bad faith, I do not find that the delay or prejudice suffered by defendant outweighs plaintiffs' right to amend under the liberal pleading standard. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058

4     - OPINION AND ORDER

(9th Cir. 2011) ("Normally, when a viable case may be pled, a district court should freely grant leave to amend.").

CONCLUSION

Defendant's Motion to Strike and/or Dismiss (doc. 55) is DENIED, and plaintiffs' Second Amended Complaint is allowed. The parties shall complete discovery on plaintiffs' amended claims by September 6, 2013 and dispositive motions shall be filed by October 7, 2013.

IT IS SO ORDERED.

Dated this 4th day of June, 2013.

                                      *Ann Aiken*
                                  Ann Aiken
                      United States District Judge